The plaintiff was a resident of Virginia, and there in September, 1823, obtained a judgment against one Delony, for his debt, with interest from 10 April, 1821. Upon this judgment suit was brought against Delony in the County Court of Wake, and at August Term, 1825, judgment was obtained and a ca. sa. issued, which came to the hands of a deputy of the defendant on 31 July, 1826. Delony was arrested on this ca. sa. and thereupon gave bond for his appearance at the next term of the county court, pursuant to the act of 1822, when the defendant by his deputy permitted him to go at large. At the time of the arrest and discharge of Delony neither the sheriff nor his deputy had actual notice of the facts above stated, except so far (327) as they were recited in the execution, which commanded the sheriff "to take the body, etc., to satisfy and pay the sum, etc., with interest from 16 August, 1825." The attorney of the plaintiff, whose name was indorsed on the execution, resided in the city of Raleigh at the time of the arrest, and was so known to reside both to the sheriff and his deputy, neither of whom applied to him for instruction.
Upon this case his Honor, Judge Daniel, gave judgment for the defendant, from which the plaintiff appealed.
The proceeding upon which this action is founded cannot be charged to the bad intention of any one, and if a loss has happened it must be borne by that party who has been the most negligent.
When the execution came to the hands of the sheriff he proceeded under the provisions of the act of 1822, made for the benefit of insolvent debtors, which directs the sheriff upon executing a ca. sa. to take bond and security for the appearance of the defendant at the court from which the writ issues, *Page 210 
(328) instead of committing him to jail. By a proviso contained in the act its operation is restricted to executions on judgments which are obtained on contracts made since 1 May, 1823. The sheriff was ignorant whether the contract on which the judgment in this case was obtained came within the proviso or not. Until the receipt of the execution he was a stranger to the suit, and there is no reason to believe that he was in any way consuant of the judgment. The law does not require that he should be; but this is not the case with the plaintiff. He was a party to the contract, the judgment, and the execution; the latter issued for his benefit. It was therefore completely in his power to notify the sheriff of the course he was to pursue. As he has omitted to do this, the sheriff ought not to be subjected to the payment of his claim against the defendant in the execution. In many cases the entry of the judgment does not show when the contract on which the action is founded was made, and in such a case the most vigilant sheriff could get no information from its examination. On the other hand, if the plaintiff wishes to derive a benefit from the proviso in the statute, the fact that his case is within it can easily be entered on the record and made known to the sheriff. When sheriffs depart from their duty wantonly and from improper motives, as they have much in their power, they should be rigorously dealt with; but when they act honestly and with a view to the faithful discharge of their duties, they should be protected, so far as the rules of law will permit. I cannot bring myself to think that the defendant should be subjected to the plaintiff's demand in this case.